for the United States in this matter. This is a government appeal of a finding of guilty by a jury of a violation of Title 18 United States Code Section 922G8. That particular provision, that particular statute, makes it illegal for an individual subject to a domestic violence no contact order from prohibiting a firearm. And the particular issue raised in this case, of course, after the jury found the defendant guilty, the court granted a Rule 29, a post-verdict judgment of acquittal. And so the government brought this appeal. And the district court also issued an alternative order for a new trial in the event the judgment of acquittal is reversed. So those are, that's the context in which the issues are raised. The main issue at trial, and the only really contested issue, was whether or not the domestic violence no contact order was issued after a hearing of which the defendant had notice and at which he had an opportunity to participate. And as far as the government is aware, this is the first time, really, this Court has considered what are those requirements under Federal law for a prosecution. Counsel, could you help us with the chronology here? The arrest was on December 6th, is that correct? And then no. The arrest was on December 29th. And it was on a felony violation of an existing no contact order. Okay. What happened on December 6th, then a hearing on December 8th? So the underlying, what led to our prosecution was that December 29th arrest. So what we, and at the time of his arrest, he was found to have a firearm in his coat pocket. Okay. But I'm going back to the State process. Am I correct that it was December 6th? The first hearing that he had for the domestic violence no contact order was December 6th at a preliminary appearance. Okay. Which is the first proceeding that a criminal is brought before the Court. Now we're talking about State Court. Yes. State Superior Court. And so he appears at the preliminary appearance on December 6th. The judge then reviews bail issues and issues a no contact order, a State law that's a temporary order that will expire if there's no ultimate charges brought by the State. So it's initially brought in the context of there's pending criminal charges, felony charges that relate to domestic violence. We're issuing this order so that if you make bond, you're subject to this order. So, and the judge set bond at $15,000 at that first hearing. The second hearing is two days. He appointed counsel at that time, right? He was appointed counsel. Okay. And there was a colloquy with the judge at that time between the defendant and the judge about whether he had counsel, he thought he did, the judge appointed him. When was the December 8th hearing set? Was that kind of part of the December 6th? It was set at the December 6th hearing. In fact, the defendant was handed the preliminary order, and on the order had his attorney's name and the date for his next hearing. It was part of the paperwork that he was given. If I understand the government's position, it is that that was sufficient to constitute notice within the meaning of the Washington statute. Is that correct? Yes. That is our position. And I think that's just kind of part of the position, because part of our position here, too, is that the defendant actually appeared at the hearing at which the domestic violence no-contact order upon which we relied in our prosecution. He appeared at that hearing, and he had an opportunity to participate. That's the December 8th proceeding. That's the December 8th. Was counsel there with him? Counsel, it – the record shows no appearance of counsel. That's – that's plain. I mean, there's – the transcript of the proceeding lists the prosecuting attorney who's there, the judge who's there, and the defendant. And there's no listing of defense counsel. But we know that counsel was appointed two days earlier, and the defendant – and this is what makes it tough for the government. We can't call the defendant to the stand and say, did you talk to your attorney? Did you have the chance to talk to him about this before the hearing went forward, which is – was really a concern of the district court. You know, there was no counsel there. And the judge – in fact, the district court found the judge precluded that opportunity, which we submit there's absolutely no evidence. The evidence is to the contrary. Did counsel customarily not appear in an arraignment? I'm from Arizona. The lawyers are always – defense counsel is always at arraignment. And as far as we can tell from this record, they weren't. We did attempt to inquire as to why perhaps counsel wasn't there, to explain that to the jury and to the court in the context of this particular issue. And our effort – there was an objection that was received from defense on that, and it was sustained by the district court, so we really didn't get to explain that on the record. What's the significance of the fact that he didn't have counsel at the December 8th – or counsel wasn't present at the December 8th proceeding? I don't think there's any significance. In the context of a criminal charge such as this, it's a case much different than a civil domestic violence no-contact order, where the individual is out in the community, they're free, they're handed with an order, and certainly in that context, we can't say to that defendant, look, now that you've been – received this ex parte temporary no-contact order, you can't possess a firearm, because, in fact, the person hasn't had an opportunity to respond, hasn't appeared in front of a judge, or at least been given that opportunity. In the context of a criminal case, it's different. You have a defendant who's brought in on a very serious domestic violence-related charge, and the court issues a domestic violence no-contact order almost as a function of law, really, because it's something that the court has to review before they release a person on bond, pursuant to Washington statute. And – but unlike a civil context, you have the defendant there in person. He has the opportunity to engage in a colloquy with a judge. The judge asks him, who are you living with? And, you know, I'm going to issue a no-contact order. The defendant in this particular case said he had no problem with that. There's no evidence he didn't have the opportunity to contest that or bring up the issue with the court. And yet the district court found that it wasn't a meaningful opportunity to participate. And the district court really put on the government a requirement that it be more like a criminal trial proceeding, that we have to provide them with the police reports, with all of the evidence to support a domestic violence no-contact order being issued before it can be issued in the – and for that order to have meaning within a 922 G.E. But what do you have to say about that Seventh Circuit case? Which – which one are we talking about? The one that's – that the judge rely on the case out of the Seventh Circuit. Wilson? Am I reading the right case? Yes. That was a case in which, again, the defendant claimed that the process was not adequate. It didn't comply with due process. That was the claim of the defendant in Wilson. And in Wilson, it was a – It's a reasonable, plausible theory. In other words, you look at the State hearing to see whether it met a certain standard of customary due process. And obviously, Judge VanSickle in this case felt that that standard had not been met. Right. What's wrong with that? Well, actually, the Wilson case – and I have my brief here in front of me concerning that – what I understood, it was in the context of a divorce hearing or a divorce proceeding. And the defendant actually had a chance to meet with the judge in person. I think the problems with – with that particular case – well, in Wilson, actually, I don't think there was a problem with it because he did actually get to meet with the judge. I believe they upheld the order as comporting with due process. Here isn't the statutory – aren't the statutory issues whether he had actual notice of the hearing at which the order was entered, which he did have actual notice, and whether he had an opportunity to participate? Right. The judge said he had an opportunity to participate. So his due process challenge is not – at least it strikes me as due process challenge is not to that earlier hearing, but is there due process in enforcing the statute against him? If he had notice of the order, regardless of the procedure at that hearing, then does that distinguish this Outer Circuit case? Well, I think this case is distinguishable from all of the cases that we have out there because it's a criminal context. And whenever you're talking about due process and the interests of the parties, it's a whole different context when you're talking about a defendant who is – who has just been found through an unbiased superior court judge, has been found probable cause to have committed this new felony domestic violence crime. And the court's deciding, well, in this context, what process really is due? I mean, he's present. He has a discussion with the judge. And what government interests are at stake before issuing that order? Must we decide, as the district court seems to want in this case, that we have to have the full-blown discovery process, like in a criminal trial under Rule 16, where we give them the police reports? That's not what the district judge said, is it? He did say that he didn't – he was – in a particular provision of the order, he says that he wasn't given the police reports to review and contest. He wasn't given the probable cause statement to review and contest. And that, to me, sounds like a discovery requirement that he's wanting to put on to this notice and opportunity to participate for this 922 G.A. prosecution. And in the context of a criminal case, due process, you have to look at the government interest. We're taking away this individual's opportunity to possess a firearm. And what's the government interest at stake? Protecting victims. All right. Thank you, counsel. Your time has expired. We'll hear from the respondent. Good morning. May it please the Court, my name is Rebecca Pennell, counsel for Mr. Young. Congress has passed a law specifying that before a domestic violence no-contact order can result in a federal criminal firearms liability, there first has to be actual notice and an opportunity to participate. The government's position in this case would ask this Court to render the plain words of Congress, the choice made by Congress, into really a legal liability, that neither the rules of statutory construction, which favor the defense, not the government, nor the U.S. Constitution, allow the Court to ignore the choice that Congress has made. Well, why is it that he doesn't have actual notice? Let's take them separately. Actual notice. He had actual notice of the hearing at which the  hearing was held. And it would be a far different statute if one of two things were worded in the statute. The statute could have been silent and just said any constitutional or any order, which you would imply any constitutional order, would suffice. And certainly a no-contact order couldn't be constitutional if there wasn't notice of the order. But the statute says actual notice. The statute says actual notice. Okay. So now it would seem, for due process, he's got to have actual notice that there's an order out against him to make it a crime. Correct. But why isn't that satisfactory? Because the statute doesn't say that there has to be actual notice of an order. The statute says there has to be actual notice of a hearing. Right. But he knew of the hearing. He was at the hearing. He was at the hearing. But I think that we can presume Congress understood when it used the words actual notice and an opportunity to participate, that it was imbuing on the statute the protections of a due process hearing. Well, now, where do we get that? That's the leap. Yeah. That's what I'm not seeing. How do you connect that up? What are you relying upon to make that judgment? Well, every court that has read this provision, all of the courts, have understood the words notice and opportunity to participate used by Congress to refer to a due process hearing. And that's not really surprising, given that those words are very familiar. The other circuits are unanimous in understanding that a due process hearing is contemplated by the wording of the statute. Furthermore, even though there's not But is he really challenging the hearing as in violation of due process? No. He's not challenging the hearing. He's just simply saying that he wasn't subject to that statute. Right. The judge lawfully could have issued a no-contact order with providing no hearing whatsoever. All the dangers associated with domestic violence justify no-contact orders to be issued on an ex parte basis so that the status quo can be made safe before an actual hearing is given. But Congress made the choice that those emergency orders where we're not allowing for due process to occur yet aren't the orders that are covered by the statute. It doesn't take a Congress made a choice that if he didn't have actual notice and an opportunity to participate at the hearing where the order was entered, then the federal crime wouldn't be made out. But Congress didn't say anything about advance notice of the hearing, at least literally, and they didn't say opportunity to participate with your lawyer. So I'm still wondering why in this case when we're dealing with statutory interpretation, don't we have to add something to the statute to accept your client's position? I don't think so. The idea that actual notice and an opportunity to participate requires advance notice and a meaningful opportunity to participate to work together has been around since early part of the 20th century. All right. Let's talk about the Seventh Circuit case, the Wilson case. Correct. I raised that case with your opponent. What's your response? This is the case. Is it not that Judge Van Sickle relied upon? Well, he cited many cases. The one case that overturned a 922-G8 conviction was Sprill. But the Wilson case was one of the cases discussing it. And in Wilson, there was no debate other than the person had received notice before going to court that the court was going to be considering a no-contact order. Of significance in the Wilson case was that the defendant in that case had demonstrated an ability to lodge objections, to get things dismissed, and had done so previously. There was no dispute when the defendant in Wilson went into the judge's chambers that he knew the judge was going to be deciding the no-contact issue. He knew before he went to court that day, and he knew before he went into the judge's chambers for the discussion of the plenary order. And before the no-contact order was issued in this case, there was testimony, uncontroverted, that the defendant was asked, can you live by the terms of this order? None of those facts were present in Mr. Young's case. Mr. Young never demonstrated an ability to manage his way through the criminal justice system. Mr. Young was never asked if he could live by the terms of the court order. He was asked if he understood the court's order, and he said, no problem. I have no problem understanding the court's order. He never agreed to it. Let me ask you this. If you're right, I mean, he was there at the hearing. He talked to the judge. The judge asked him questions. He responded, no problem. He then signed the bottom of the order acknowledging receipt of it, including the provision that says he can't possess weapons. If you're right, he's entitled then to go outside the courtroom after he's done talking to the judge and crumple it up and throw it away. No. He could be held in contempt of court for not following the judge's order. As far as the Federal statute is concerned. He can say, go to hell. As far as the Federal statute is concerned, I'm not going to. I'm not going to follow it. It's just that Federal statutes don't always apply. Federal statutes don't always apply and it doesn't apply in this circumstance. And it wouldn't have been that hard for it to have applied. The government's claim that we'd never be able to bring these prosecutions simply wouldn't exist. For one thing, I think the statute's primarily aimed at civil cases. There are a number of 922 provisions that deal with criminal cases, including convictions for misdemeanor crimes of domestic violence and felony convictions. But if on the 6th the judge had said or included in one of his written orders, on the 8th we're going to be discussing the no-contact order, then he has actual notice. If he'd given some sort of explanation of the evidence to be used, the courts are unanimous in discussing what type of processes do, even when limited processes do, in a pre-termination context, meaning before you're given a hearing, a full-fledged hearing. Even in a pre-termination context, there needs to be some disclosure of the evidence in response to the hearing. We're not saying it has to be full-fledged discovery, but something. Here, there was nothing. The judge made certain decisions that there was probable cause and shared none of that with Mr. Young. But easily, there could have been some sort of police affidavit in support of probable cause shared with the defendant on December 6th. And then on December 8th, the court could have followed its own rules, 4.1 of the state rules of criminal procedure, as well as the U.S. Constitution, allowed Mr. Young to have counsel with him at that hearing, and basically asked counsel if they were prepared to proceed. This Court doesn't need to get to what I think could be the complicated issues under 922G8 as to whether or not cross-examination should be permitted. Those are some complicated issues, but there wasn't anything. So here's the concern I still have. I think all those issues could be raised if counsel, for the appellant's part, after the no-contact order was entered, made some type of collateral challenge, saying that order shouldn't have been entered, and I wanted vacated. I didn't get a sufficient process in my hearing where that order was entered. But that wasn't done, and he accepted with knowledge that there was a no-contact order against him. And then he has the weapon. So now we have the question just of interpreting what did Congress intend when they said actual notice and an opportunity to participate. I think that the plain language is that that notice has to occur before the hearing, not just before the order. So it has to be advanced notice. It has to be advanced notice, and we are dealing with a criminal statute. And the rule of lenity would indicate that if Congress has crafted the statute, clearly Congress intended some protections to be in place. Congress could have said any no-contact order is covered, meaning ex parte ones, no due process hearing rights. It doesn't take much speculation to guess that there was a significant press by the gun lobby to make sure that there was some finding, real finding, by a judge that there was a basis for a no-contact order before it  But Congress chose not to do that. Does that mean you can't charge somebody with possessing a gun if he didn't know that he'd been ordered not to have the gun? No, the statute would be worded differently. Then the statute would simply be worded that you had to have actual notice of the order. And then ex parte orders would be covered because an ex parte order does not go into effect until the person is served. And the Fifth Circuit in the Spreel case clearly said that ex parte orders aren't covered. Those are orders that are issued before there is an opportunity to be heard. And in the domestic violence context, there is every right of a judge to issue a no-contact order upon an ex parte finding that there's cause to do so, so as to protect the victim, so as to protect the public. The judge can prohibit possession of firearms. If it's ex parte, then the person later charged under 922 wouldn't have had actual notice. Then 922 just simply couldn't come into play. This wasn't ex parte. Right. This was issued while in court, but the basis for it was ex parte. It was akin to an ex parte order in that Mr. Young was told of it while he was in court, instead of served with the notice by the sheriff. But that's the only real distinction. Thank you, Counselor. Your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain, Silverman, Gould